Beattie, J.
On or about August 21988, defendant Martin Fabrikant (Fabrikant) and Med Determinations, Inc. (Med), agreed to guarantee purchase orders from Frontier Municipal Sales, Inc. to Creative Chemicals, Inc. Fabrikant is a New York resident and Med is acorporation with aprincipal place of business at75-35 31st Avenue, Elmhurst, New York.
Creative Chemicals, Inc. is a Massachusetts corporation, and Frontier Municipal Sales, Inc. is a New York corporation.
The guarantee in question was signed in Fabrikants office in Elmhurst, New York and required that any purchase order to be guaranteed be signed by Fabrikant.
At no time did Med or Fabrikant go to Massachusetts to transact any business with plaintiff.
At no time did Fabrikant sign any purchase orders from Frontier to Creative Chemicals, although Creative did transact business with Frontier on the basis of purchase orders received from Frontier.
Creative seeks damages against Frontier on several orders for which it supplied materials to Frontier and for which Frontier was not paid. Creative also seeks to recover from Fabrikant and Med on the basis of the guarantee signed by Fabrikant, and on the theory of a joint venture between Fabrikant, Med and Frontier. Plaintiff also seeks damages against Fabrikant and Med for fraud.
OPINION
Defendants Fabrikant and Med have moved to have the case dismissed as to them pursuant to M.R.C.P., Rule 12 (b) (2). Facing a Motion to Dismiss under this rule, the plaintiff bears the burden of establishing sufficient facts on which to predicate jurisdiction over the defendants.
As a general rule, personal jurisdiction over a non-resident defendant must satisfy a dual test. First, is there a statutory authorization for jurisdiction. Second, if such authorization exists, is the exercise of jurisdiction under state law consistent with basic due process requirements mandated by the U.S. Constitution. Both questions must be answered in fire affirmative for jurisdiction to exist. Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 115 (1979).
Plaintiff has not alleged jurisdiction under M.G.L.c. 223A, but alleges a joint venture between Fabrikant, Med and Frontier in regard to Frontier’s dealings with Creative. However, the defendants Fabrikant and Med had no direct knowledge of the business *88 relationship between Creative and Frontier. There is only a guarantee signed in New York which requires that all purchase orders be signed by Fabrikant, of which there are none.
'The governing principal is the fairness of subjecting a defendant to suit in a distant forum.” Only if the nonresident defendant has such “minimum contacts” with the state that the maintenance of the suit does not offend “traditional notions of fair play and justice,” International Shoe Co. v. Washington, 326 U.S. 310 (1945), or if the defendant has performed some act “by which it purposefully avails itself of the privilege of conduction of activities within the forum State, thus invoking the benefits and protection of its laws” may a defendant be subjected to suit in a distant forum. Hanson v. Denckla, 357 U.S. 235 (1958).
Defendants, in this case, do not have sufficient minimum contacts with Massachusetts, nor did they purposefully avail themselves of the “privilege of conducting activities within the forum State” pursuant to Denckla.
The Judgment of the District Court is affirmed.