Crimmins, J.
sachusetts and elsewhere real estate. One of the properties is a shopping mall located in Rhode Island. One of the tenants of the mall, Morse Shoe, Inc., requested that its leasehold rights and obligations be assigned to a New York corporation. The defendant, AI J.J., the parent company of the new tenant, undertook to guarantee the future rent presumably as a inducement to plaintiff to accept the assignment. Following executing the guarantee, the plaintiff consented to the assignment. The rent has been delinquent since November of 1996. The defendant has undertaken to guarantee the lease obligations for two stores in Massachusetts.
The issue is whether there were sufficient contacts with Massachusetts by the defendant to permit the exercise of personal jurisdiction under G.L.C. 223A The “Long Arm” statute. The motion judge decided there were not sufficient contacts and allowed a motion to dismiss under Rule 12(b) (c), Mass. R. Civ. P.
We affirm.
1. The guarantee of the new tenant’s obligation to pay rent for a store in a mall in Rhode Island does not, under these circumstances, afford a basis for the exercise of personal jurisdiction by the courts of Massachusetts. Bond Leather v. O. T. Shoe Mfg. Co., 764 F. 2d. 928, 934 (1st Cir. 1985); Creative Chemicals, Inc. v. Frontier Municipal Sales, 1992 Mass. App. Div. 87. The guarantee was not executed in Massachusetts. The obligation which was the subject of the guarantee was the payment of rent on property located in Rhode Island. The guarantee was signed 14 days after the plaintiff accepted the assignment of lease. The guarantor is a New York corporation which does not do business in Massachusetts. The guarantee was executed in New York. The record does not show what compensation was given for the guarantee.
2. Once the question of personal jurisdiction is raised, the burden is on the party seeking to assert such jurisdiction to show a basis in fact for the exercise of personal jurisdiction. Morrill v. Tong, 390 Mass. 120, 129 (1983). The defendant does not negotiate guarantees in Massachusetts. This guarantee was a single isolated transaction without commercial consequence in Massachusetts. See Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 8 (1979).
Plaintiff attempts to bolster its position by relying upon other guarantees entered into in Massachusetts. The question is not whether other guarantees were entered into in Massachusetts but whether in the claim giving rise to the cause of action there were sufficient contacts to warrant a determination that there are grounds for personal jurisdiction. This is not a case where the guarantee was negotiated in Massachusetts. Compare Beaver Builders v. Schnip Building, 622 F. Supp. *26 1051 (D. Mass. 1985). There was no showing of purposeful solicitation of business in Massachusetts. Nor was there a showing that the guarantee was in aid of a substantial financial investment in Massachusetts. First National Bank of Boston v. Bergreen, 11 Mass. App. Ct. 956, 957 (1980). The only contact between the plaintiff, which happened to be a Massachusetts corporation, and the defendant, a New York corporation was this single instance of a guarantee of rent of property located in Rhode Island.
It is ordered that the appeal be dismissed.
So ordered.